United States District Court
Southern District of Texas

**ENTERED**

December 11, 2023

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| G&G CLOSED CIRCUIT EVENTS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Case No. 4:22-CV-03806 |
| | § | |
| SHOWTIME BAR AND LOUNGE, LLC, | § | |
| DIOM ENTERPRISE, LLC, ISAAC | § | |
| DIOMANDE and TIFFANY DENISE | § | |
| MAGEE, | § | |
| | § | |
| Defendants. | § | |

## FINAL DEFAULT JUDGMENT

Pending before the Court is Plaintiff's Motion for Final Default Judgment & Brief in Support. (Dkt. No. 16) Upon consideration of the Motion, the accompanying brief and evidence, the pleadings on file and the relevant authorities, the Court concludes that Plaintiff has established that it is an aggrieved party under the Federal Communications Act, 47 U.S.C. §§ 553 and 605 and recognizes Plaintiff's election to seek statutory damages. The Court also concludes that it has jurisdiction over the subject matter and parties to this action; that Defendants (1) Showtime Bar and Lounge, LLC, individually, and d/b/a Fire & Flare Lounge and f/k/a Showtime Bar and Lounge; (2) Diom Enterprise, LLC, individually, and d/b/a Fire & Flare Lounge and f/k/a Showtime Bar and Lounge; (3) Tiffany Denise Magee, individually, and d/b/a Fire & Flare Lounge and f/k/a Showtime Bar and Lounge; and (4) Isaac Diomande, individually, and d/b/a Fire & Flare Lounge and f/k/a Showtime Bar and Lounge (collectively "Defendants") failed to answer or

otherwise defend as provided by the Federal Rules of Civil Procedure following proper service; that the allegations in *Plaintiff's Original Complaint* are deemed admitted against Defendants; that Defendants exhibited the closed circuit November 2, 2019 Saul "Canelo" Alvarez v. Sergey Kovalev Championship Fight Program, including undercard or preliminary bouts, without authorization from Plaintiff; and that Defendants' actions were willful and for purposes of direct or indirect commercial advantage or private financial gain. Therefore, additional damages are warranted in this action.

IT IS, THEREFORE, **ORDERED, ADJUDGED AND DECREED**:

1.     That Judgment by default be entered in favor of Plaintiff and against Defendants, jointly and severally.

2.     That Plaintiff recover statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) from Defendants, jointly and severally, in the amount of $4,200.00.

3.     That Plaintiff recover additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) from Defendants, jointly and severally, in the amount of $12,600.00.

4.     That Plaintiff recover attorneys' fees from Defendants, jointly and severally, in the amount of $5,600.00; along with attorney's fees for post-trial and appellate services.

5.     The Court also awards Plaintiff court costs and post-judgment interest on the amounts awarded herein at an annual rate of 5.16% from the date of this Judgment until paid.

6.     All writs and process for the enforcement and collection of this Judgment may issue as necessary.  In connection with any Writ of Execution in this case, the Court

directs the United States Marshals Service to use any means or force reasonably necessary to satisfy this Judgment.

This Judgment is a **FINAL JUDGMENT**.

Signed on December 8, 2023.

DREW B. TIPTON
UNITED STATES DISTRICT JUDGE